# Ainesworth *v.* D. B. Martin Company, Appellant.

*Contracts—Executory contracts—Cancellation—Amount due for services rendered prior to cancellation.*

Where, under a written contract, a purchasing agent is allowed a commission of fifty cents a ton for all coal bought for and accepted by his principal, and the contract is subsequently cancelled, the agent is entitled to commissions on all coal purchased before the date of cancellation, even although it was delivered and accepted by his principal sometime afterwards.

The contract was executory as far as the remaining period of employment was concerned, and it was competent for the parties to agree to its termination, but the employee was entitled to compensation for all service already performed.

Argued October 14, 1921.  Appeal, No. 184, Oct. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1918, No. 2271, on verdict for plaintiff in the case of B. M. Ainesworth v. D. B. Martin Company, a Corporation.  Before ORLADY, P. J., PORTER, HENDER-SON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Assumpsit on written contract.  Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the plaintiff in the sum of $343.27, and judgment was entered thereon.  Defendant appealed.

*Error assigned,* among others, was in directing a verdict for the plaintiff.

*Horace Michener Schell,* and with him *Saul, Ewing, Remick and Saul,* for appellant.—The contract was rescinded under date of October 31, 1918, and no liability attached for coal received after that date:- Thompson v. Stone, 43 Pa. Superior Ct. 69; Brentwood Realty Co. v. Moses, 73 Pa. Superior Ct. 307; Flegal v. Hoover et al., 156 Pa. 276.

*C. W. Van Artsdalen,* for appellee.—The plaintiff was entitled to be paid for the services which he had rendered: Evesson v. Ziegfeld, 22 Pa. Superior Ct. 79.

OPINION BY PORTER, J., November 21, 1921:

The plaintiff brought this action to recover the amount alleged to be due him for services rendered to the defendant, as assistant purchasing agent.  He recovered a judgment in the court below and the defendant appeals. The parties agreed, at the trial, upon the following facts: The contract, dated May 2, 1918, under which the plaintiff was employed, was in writing and contained the following covenants material to the determination of the

rights of the parties to this action: "1. The party of the first part (the defendant) hereby employs the party of the second part as its assistant purchasing agent in charge of the purchase of coal for its requirements for the term of one year from the first day of May, 1918, and agrees to pay him for his said services the sum of fifty cents for each ton of coal purchased by the party of the second part for the party of the first part delivered to and accepted by the party of the first part, which compensation is to be paid to the party of the second part when and as the coal is received by the party of the first part." In the second paragraph of the agreement the plaintiff agreed to act as purchasing agent to the party of the first part and to assume charge of the purchase of coal for its requirements during the term of the contract. The third paragraph provided that the requirements of coal for the defendant, to be purchased by the plaintiff, should be a minimum of 20,000 tons per year, and that in case such requirements should be less than 20,000 tons per year, the defendant would pay the plaintiff an amount equivalent to fifty cents per ton on 20,000 tons, or $10,000, for his services during the term of the contract. The fourth paragraph covenanted that all coal purchased should be at the price fixed by the government.

The plaintiff entered upon the discharge of his duties under this contract and from time to time made purchases of coal as directed by the defendant and the defendant paid the plaintiff at various times the compensation agreed upon for the coal delivered to and received by it prior to the time of such payments. The plaintiff, on October 31, 1918, presented to the defendant a bill for his services in the purchase of coal which had by the defendant been received during the month of October. The bill was itemized, designating the parties from whom the purchases of coal had been made and the number of tons which the defendant had received from each of said parties. The amount stated to be due the plaintiff, for

his services in connection with the coal received in October, was $1,005.85. There was no dispute as to the correctness of this bill and it is admitted that the amount stated was then actually due under the terms of the contract. The defendant paid to the plaintiff the amount claimed, and the plaintiff then wrote upon the bill, a statement in the following words: "Received payment in full, also full cancellation of the contract dated May 2, 1918," which he duly signed, his signature being attested by two witnesses. The plaintiff had, prior to October 31, 1918, by direction of the defendant, purchased for the latter 598 tons of coal, which had not at that time been delivered to or received by the defendant, being in course of transportation. This coal was delivered to and received by the defendant in November, 1918, but the defendant refused to pay the plaintiff for the services which he had rendered in purchasing it, alleging that as the contract had been cancelled the plaintiff was not entitled to recover for the services which he had rendered prior to the cancellation.

The receipt which the plaintiff signed on October 31st was specific as to the amount of money which was then paid, it was for the amount which was upon all hands admitted to be due and then presently payable. The statement that he had received "also full cancellation of the contract dated May 2, 1918," was ambiguous. How had he received full cancellation of the contract? Had he been discharged from the employment, the term of which had yet six months to run, or had he asked for and received a release from further performance of his duties? This ambiguity was not cleared up by any evidence written or oral. The plaintiff is not seeking to recover damages upon the ground that he was improperly discharged before the period specified by the contract had expired, nor does the defendant assert that he had failed to comply with his contract. What the plaintiff is seeking to do is to recover compensation for services which he had performed before the contract was

cancelled, but which was not at that time due, for the reason that the coal had not reached the defendant. The defendant expressly stipulated at the trial that if the plaintiff was entitled to recover anything he was entitled to compensation at the rate of fifty cents per ton for the coal in question. All that can be assumed, or that a jury should be permitted to infer from the written statement of the plaintiff that he had received full cancellation of the contract is that the parties had then agreed that the employment of the plaintiff should terminate with October 31, 1918. It must be kept in mind that this was a contract for personal services. When the plaintiff performed the services, by purchasing the coal, that was all that he was required to do under the contract, although the compensation for his services was dependent upon the coal being delivered to and received by the defendant. When the contract was cancelled the plaintiff ceased to be the agent of the defendant for the purchase of coal, he could no longer bind his principal by a contract for such a purchase, his authority as an agent was at an end. The defendant was not bound to compensate him for anything which he did after that cancellation. The contract was executory so far as the remaining period of the employment was concerned, and it was altogether competent for the parties to agree to terminate it as of October 31, 1918. When, however, a term of employment is thus shortened, by mutual agreement, the right of the employee to compensation for services already performed remains unimpaired, unless the parties expressly covenant that it shall cease. The contract is executed, so far as the services already performed are concerned. This plaintiff did not forfeit his right to compensation for past services, when, on October 31, 1918, he agreed to the cancellation of his contract of employment, and the court below did not err in holding that he was entitled to recover.

The judgment is affirmed.