Opinion by
 

 Stadtfeld, J.,
 

 The issues in this appeal are the same as were before this court in the case of
 
 Shallcross v. Highway Trailer Company,
 
 147 Pa. Superior Ct. 279, 24 A. 2d 71, in which the opinion was filed today. Similar contracts were involved therein, the only difference being the dates and amounts.
 

 On October 1, 1939, the sum admittedly due Hukill was $843.93. On this he gave a credit of $200 for a payment made March 7, 1940 leaving a balance of $643.93, for which judgment was rendered by Piekabski, J. for want of a sufficient affidavit of defense.
 

 In addition to the argument presented in the Shall-cross case, the present appellant further contends that the provision in the agreement dated October 1, 1939, “This supersedes and cancels any previous agreement in writing, or verbal understanding between the parties hereto, and particularly the earlier agreement dated October 1, 1939, (unexecuted)” had the legal effect of wiping out all previous contractual relations, and cancelling all liability for sums due thereunder. With this contention we can not agree for several reasons. In the
 
 *287
 
 first place, under the employment agreement dated January 15, 1939, jt is provided in Article VII: “Should Salesman’s connections with Company terminate for any reason whatsoever, it is expressly understood and agreed that the right of Salesman to any commission or credits under this agreement shall terminate with the termination of agreement
 
 except for commissions and credits earned
 
 as provided for in Article II, hereof, prior to the termination of this agreement.” Secondly: The agreement dated October 1,1939, did not so provide; although it provided for the
 
 cancellation
 
 of previous agreements, it did not release defendant from liability for commissions which had been earned thereunder but deferred in payment. Third: Defendant and appellant on or about April 9, 1940, 6% months after the execution of the “salary” contract, issued to plaintiff a statement, showing the balance due plaintiff as of March 31,1940, the sum of $843.93, under the commission agreement, the correctness of which is admitted by appellant. And lastly, there was no consideration under the later contract for the release of prior earned commissions, that agreement relating entirely to future performance.
 

 The case of
 
 Ainesworth v. D. B. Martin Company,
 
 77 Pa. Superior Ct. 490, is very much in point. There plaintiff was employed as assistant purchasing agent by written contract dated May 2, 1918. He was paid commissions on receipt of coal. After rendering a bill for $1,005.85 and receiving payment, the plaintiff then wrote upon the bill, a statement in the following words: “Received payment in full, also full cancellation of the contract dated May 2, 1918,” which he duly signed, his signature being attested by two witnesses. The plaintiff had, prior to October 31,1918, by direction of the defendant, purchased for the latter 598 tons of coal, which had not at that time been delivered to or received by the
 
 *288
 
 defendant, being in course of transportation. This coal was delivered to and received by the defendant in November, 1918, but the defendant refused to pay the plaintiff for the services which he had rendered in purchasing it, alleging that as the contract had been cancelled the plaintiff was not entitled to recover for the services which he had rendered prior to the cancellation. This court said, at p. 494,: “When the contract was can-celled the plaintiff ceased to be the agent of the defendant for the purchase of coal...... The defendant was not bound to compensate him for anything which he did after that cancellation. The contract was executory so far as the remaining period of the employment was concerned, and it was altogether competent for the parties to agree to terminate it as of October 31, 1918. When, however, a term of employment is thus shortened, by mutual agreement, the right of the employee to compensation for services already performed remains unimpaired, unless the parties expressly convenant that it shall cease. The contract is executed, so far as the services already performed are concerned. This plaintiff did not forfeit his right to compensation for past services, when, on October 31,1918, he agreed to the cancellation of his contract of employment, and the court below did not err in holding that he was entitled to recover.”
 

 The judgment of the lower court is affirmed in accordance with opinion filed in the Shalleross case with the addition of the matters set forth herein.